# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                            Case No. 10-47337-RAM

      LAURIS BOULANGER, INC.,                          Chapter 7

          Debtor.
_____/
DREW M DILLWORTH AS CHAPTER 7
TRUSTEE,

      Plaintiff,                                        Adv. Case No._____
-vs-

CITIZENS PROPERTY INSURANCE
CORPORATION,

      Defendant.
_____/

## COMPLAINT

COMES NOW, DREW M DILLWORTH as Chapter 7 Trustee (hereinafter "Trustee") in the above-styled matter, and sues the Defendant, Citizens Property Insurance Corporation (hereinafter "Defendant"), and states the following in support hereof:

1.      Debtor (Lauris Boulanger, Inc.) filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on the 7th day of December, 2010.

2.      Drew M. Dillworth is the permanent Chapter 7 Trustee ["Plaintiff"] of the Debtor's Bankruptcy Estate.

3.      The Plaintiff sues the Defendant to recover each of the transfers identified herein.

4.    The Defendant hereto is *sui juris.*

5.    This is a core matter pursuant to 28 U.S.C. Sec. 157(b)(2). Venue is proper in this District, and this Court has jurisdiction over this matter.

6.    Debtor was owned solely by Lauris Boulanger (hereinafter "L.B."), whose family members included, but were not limited to: Diane Boulanger; Lorris Boulanger; Mannon Boulanger; Bruno Boulanger; Viateur Boulanger; and, Liette Boulanger (hereinafter the "Boulangers").

7.    The records of the Debtor do not reflect that the Debtor was ever obligated to Defendant for any form of debt.

8.    Upon information and belief, there were likely other transfers the trustee could avoid and he seeks avoidance herein as well.

9.    L.B. routinely used Debtor's corporate funds to make purchases for himself and the Boulangers, relatives and other businesses in which he held an interest--- but providing no benefit to the Debtor.

10.    L.B. also routinely used Debtor's corporate funds to pay his personal obligations, the Boulangers personal obligations, the personal obligations of his relatives and the obligations of other businesses in which he held an interest---again, providing no benefit to the Debtor.

11.    Furthermore, L.B. and the Boulanger's were intentionally diverting the Debtor's assets and paying off their personal debts,  paying personal expenses, and paying outrageous distributions and income to the Boulangers and L.B., all while Debtor failed to pay the Debtor's debts as they because due. Some examples of this activity are: paying for the Boulanger's and L.B.'s personal vehicles and insurances on the vehicles; acquiring personal assets for L.B. and the Boulangers; homeowners insurance for the Boulangers and L.B. and other personal expenses--- all for no benefit to Debtor.

12.     Each of the sued-upon transactions which pre-existed January 2007, could not have been reasonably discovered until within one year of the filing of the instant complaint, because the sued upon transfers were previously concealed by L.B. and/or the Boulangers and/or their representatives.

13.     Debtor was insolvent at all times material to the transfers at issue in this Adversary Proceeding.

14.     At all material times during each sued-upon transfer, Debtor was either a defendant in litigation or in preparation to defend litigation from its creditors as further evidenced below:

    a.     Florida Precast Industries vs. Lauris Boulanger, Inc. Case No. 08-CA-008611

    b.     Thyssenkrupp vs. Lauris Boulanger, Inc. Case No. 08-CA-002984

    c.     Latitle Roofing vs. Lauris Boulanger, Inc. Case No. 09-047149 CACE 25

    d.     Scottsdale Insurance Company vs. Lauris Boulanger, Inc. Case No. 09-61073-CIV

    e.     T.H.E. Insurance Company vs. Lauris Boulanger, Inc. Case No. 08-44815 CACE 03

    f.     Colony Insurance Company vs. Lauris Boulanger, Inc. Case No. 09-60863- CIV

    g.     9153-1335 Quebec, Inc. vs. Lauris Boulanger, Inc. Case No. 08-CA-053517

    h.     Lauris Boulanger, Inc. vs. 3344, LLC Case No. 09-15857 CC 05

    i.     Bel-Aire Continuum Association vs. Lauris Boulanger, Inc. Case No. 07-25154 (Miami Dade County)

    j.     Riviera Towers Condominiums Association, Inc. vs. Lauris Boulanger, Inc. Case No. 08-62321 CA 10

    k.     Keith I. Hark vs. Lauris Boulanger, Inc. Case No. 04-52776 CA 10

l.    Flor Services Corp. vs. Lauris Boulanger, Inc.
Case No. 08-CC-005703

m.    Evanston Insurance Company vs. Lauris Boulanger, Inc.
Case No. 09-2112 CIV-COOKE

n.    Dania Distribution Centre Condo Association vs. Daina
Distribution Centre, Ltd.; Case No. 10-045086 13

o.    Lauris Boulanger Inc. vs. MC-FT Myers Associates LTD
Case No. 9-CA-000680

## COUNT I – FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(1))

15.    Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged.

16.    The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor.

17.    The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.

18.    These transfers were made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted, on or after the date that such transfers were made.  For example, the Debtor was paying for personal expenses of the principal to ensure satisfaction of personal debts and ignoring Creditors of the Debtor; as well as utilizing the assets of Debtor to pay for Non-Debtor obligation for which Debtor received no consideration.

19.    The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred

monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

## COUNT II– FRAUDULENT TRANSFERS (11 U.S.C. Sec. 548(a)(2))

20.     Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged.

21.     The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor.

22.     The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within two years before the date of the filing of the bankruptcy petition.

23.     The Debtor received less than reasonably equivalent value in exchange for the transfers above-referenced; and,

     a.     was insolvent on the dates of each transfer, or became insolvent as a result of such transfers;

     b.     was engaged in business or a transaction, or was about to engage in business in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

     c.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay such debts as they matured.

24.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551) judgments in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief that this Court deems equitable and just.

## COUNT III – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.106)

25.     Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged.

26.     The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor.

27.     The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four years before the date of the filing of the bankruptcy petition.

28.     The Debtor received less than reasonably equivalent value in exchange for such transfers; and:

      a.     was insolvent on the date the transfers were made or became insolvent as a result of said transfers;

      b.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or,

      c.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29.     At the time of each of the transfers, the Debtor had creditors whose claims arose prior to the transfers.

30.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

**COUNT IV – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(b))**

31.     Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged and were property of the Debtor.

32.     The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor.

33.     The above-referenced transfers were transfers of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.

34.     Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendant.

35.     Each of the transfers was made without the Debtor having received reasonably equivalent value in exchange for the transfers, and the Debtor:

   a.    was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

   b.    intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

36.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT V – FRAUDULENT TRANSFERS (Fla. Stat. Sec. 726.105(1)(a))

37.     Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged.

38.     The Transfers identified on Exhibit "A" hereto were paid from the Debtor's account and were property of the Debtor.

39.     The above-referenced transfers were transfers of property of the Debtor, an interest in property the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the date of the filing of the bankruptcy petition.

40.     Claims of creditors of the Debtor arose prior to and after the transfers being made by the Debtor to Defendant.

41.     Each of the transfers was made with the actual intent to hinder, delay or defraud any creditor of the Debtor; and could have been, and were reasonably discovered only within one year of the filing of the complaint.

42.     The Trustee is entitled to recover the monies transferred plus pre-judgment and post-judgment interest thereon.

WHEREFORE, the Trustee demands (pursuant to 11 U.S.C. Sec.'s 544, 548, 550 and 551; and Fla. Stat. Ch. 726) judgment in his favor awarding him the recovery of the transferred monies, pre- and post-judgment interest, and such other relief which this Court deems equitable and just.

## COUNT VI—UNJUST ENRICHMENT

### AGAINST DEFENDANT RELATING TO THE TRANSFERS

43.     Paragraphs 1 through 14 (and all subparts) are herein re-averred and re-alleged and were property of the Debtor.

44.     Debtor made the Transfers identified on Exhibits "A" attached hereto in the amount of **$10,355.00** to Defendant.

45.     Debtor conferred a benefit on Defendant by virtue of the Transfers.

46.     Defendant voluntarily accepted and retained the benefit conferred, which were the Transfers.

47.     The circumstances render Defendant's retention of the Transfers, which was the benefit conferred on them by Debtor,

inequitable unless Defendant pays Debtor the value of
the Transfers.

48.        Defendant was unjustly enriched by virtue of the Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a Judgment:

A) Granting money damages in the amount of the Transfers to Trustee, for the Benefit
of Debtor's bankruptcy estate, plus pre- and post-judgment   interest, and  reasonable
attorneys' fees and expenses, to the extent permissible by applicable law, to Trustee;
and,

B)  Granting such other and further relief as may be equitable and just.


**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District
Court for the Southern District of Florida and I am in compliance with the additional
qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

JAMES B. MILLER, P.A.
Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, Florida 33130
Telephone: (305) 374-0200
Facsimile: (305) 374-0250

By: _____/s/_____
       JAMES B. MILLER, ESQ.
       Fla. Bar No. 0009164

# Exhibit "A"

**CITIZENS
INSURANCE**

| CHECK NO. | DATE | AMOUNT |
|---|---|---|
| 42495 | 9/30/2009 | $ 854.00 |
| 41992 | 4/2/2009 | $ 1,681.00 |
| 41881 | 3/4/2009 | $ 2,336.00 |
| 40729 | 4/16/2009 | $ 5,484.00 |
| | **TOTAL** | **$ 10,355.00** |